IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MELISSA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 2:26-CV-01769 |
| WALTER KOEHNLEIN, | ) | |
| JUDITH KOEHNLEIN, and | ) | |
| LOST ROADS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW, MELISSA SMITH, by and through the undersigned counsel, and files this, her Complaint against Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## **JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 et seq., based upon Defendants' WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## **PARTIES**

2. Plaintiff MELISSA SMITH (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Waukesha, Wisconsin (Waukesha

County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a “tester” for the purpose of enforcing Plaintiff’s civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff’s community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property within six months after the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. (“Advocacy Purposes”).

7. Defendant, LOST ROADS LLC (hereinafter "LOST ROADS LLC"), is a domestic limited liability company that transacts business in the State of Wisconsin and within this judicial district.

8. Defendant, LOST ROADS LLC, may be properly served with process via its Registered Agent, to wit: c/o William D. Brooks, Registered Agent, W339N9280 Townline Rd., Oconomowoc, WI 53066.

9. Defendant, WALTER KOEHNLEIN (hereinafter "WALTER KOEHNLEIN"), is an individual who owns property in the State of Wisconsin and within this judicial district.

10. Defendant, JUDITH KOEHNLEIN (hereinafter "JUDITH KOEHNLEIN"), is an individual who owns property in the State of Wisconsin and within this judicial district.

11. Defendant, WALTER KOEHNLEIN, may be properly served with process, to wit: S18W22128 Goetz Drive, Waukesha, WI 53186.

12. Defendant, JUDITH KOEHNLEIN, may be properly served with process, to wit: S18W22128 Goetz Drive, Waukesha, WI 53186.

## FACTUAL ALLEGATIONS

13. On or about August 2, 2026, Plaintiff was a customer at "O'Reilly Auto Parts," a business located at 1501 Highway 164, Waukesha, WI 53186, referenced herein as "O'Reilly Auto Parts". Attached is a receipt documenting Plaintiff's purchase. See Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. See Exhibit 2.

14. Defendant, LOST ROADS LLC, is the owner of parcel WAKC1007989001, which comprises part of the Property.

15. Defendant, WALTER KOEHNLEIN, is a co-owner of parcel WAKC1007989, which comprises part of the Property.

16. Defendant, JUDITH KOEHNLEIN, is a co-owner of parcel WAKC1007989, which comprises part of the Property.

17. Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN and LOST ROADS LLC, as property owners, are responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between the property owners, WALTER KOEHNLEIN, JUDITH KOEHNLEIN and LOST ROADS LLC, and the tenant

allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' independent requirement to comply with the ADA for the entire Property they own, including the interior portions of the Property which are public accommodations. See 28 CFR § 36.201(b).

18. Plaintiff's access to the O'Reilly Auto Parts and Hallman Lidnsay Paints, located at 1501-1601 S. T H 164, Waukesha, WI 53186, Waukesha County Property Appraiser's property tax key numbers: WAKC1007989001 and WAKC1007989 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

19. Although the Property is comprised of two parcels, it should be considered as one "Site" for purposes of this lawsuit and the ADA because the two parcels share a common parking lot, the two parcels share a common accessible route, and there are no open or notorious markings indicating that the two parcels are separate properties.

20. Plaintiff lives 4 miles from the Property.

21. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

22. Plaintiff has visited the Property over five times before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months, likely sooner, after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer of O'Reilly Auto Parts, return to Hallman Lindsay

Paints, to determine if and when the Property is made accessible and for Advocacy Purposes.

23. Plaintiff intends on revisiting the Property to purchase goods and services as a return customer as well as for Advocacy Purposes but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access, as such, Plaintiff is deterred from returning to the Property as a customer until after the barriers to access identified in this Complaint are cured.

24. Plaintiff travelled to the Property over five times before as a customer and as an independent advocate for the disabled, personally encountered all the barriers to access at the Property that are detailed in this Complaint, engaged these barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

25. Plaintiff, over the course and scope of her previous visits, personally encountered or was made aware of each and every barrier to access identified in Plaintiff's Complaint, and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

26. Plaintiff's inability to fully access the Property in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

27. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

28. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iii) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

29. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

30. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

31. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

32. The Property is a public accommodation and service establishment.

33. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

34. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

35. The Property must be, but is not, in compliance with the ADA and ADAAG.

36. Plaintiff has attempted to, and has to the extent possible, accessed the Property in her capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more

specifically set forth in this Complaint.

37. Plaintiff intends to visit the Property as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

38. Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

39. Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

40. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff encountered, engaged or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal

enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS**

(i) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

(ii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

(iii) Triumph Motorcycles has a policy of storing motorcycles for sale in the accessible route. As a result, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards.

This barrier to access would make it difficult for Plaintiff to access the rest of the units of the Property as Plaintiff's wheelchair would not be able to get past this barrier.

(iv) Triumph Motorcycles has a policy of storing motorcycles for sale in the accessible route. As a result, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property.

(v) Nearest the entrances to O'Reilly Auto Parts and Triumph Motorcycles, due to the proximity of the accessible ramps, the accessible parking spaces have cross-slopes in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to enter and exit the vehicle as a level surface is needed so the wheelchair does not tip over and injure Plaintiff as excessive cross-slopes increase the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff.

(vi) Nearest the entrances to O'Reilly Auto Parts and Triumph Motorcycles, the surfaces of the accessible route lack a level turning space of at least 60 inches in diameter circle or a 60-inch square minimum t-shaped space in violation of Section 304.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property

because if Plaintiff is forced to turn on a sloped surface this can cause the wheelchair to tip over and cause injury.

(vii) In front of Hellman Lindsay Paints, the accessible parking space has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This barrier to access would make it dangerous and difficult for Plaintiff to enter and exit the vehicle as a level surface is needed so the wheelchair does not tip over and injure Plaintiff as excessive cross-slopes increase the likelihood of Plaintiff's wheelchair tipping over on its side and injuring Plaintiff.

(viii) In front of Hellman Lindsay Paints, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

(ix) There is not a continuous accessible route connecting the north accessible parking space to the rest of the units as there is no sidewalk is present, and the path is obstructed by landscaping, objects, and speed bumps. As a result, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property.

(x) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are 115 total parking spaces at the Property, which require a minimum of five accessible parking

spaces, but there are only two accessible parking spaces. This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

(xi) Inside O'Reily Auto, due to a policy of storing items in the accessible route leading to the public restroom used by Plaintiff, the accessible route to the restroom have surfaces with passable widths well below the required 36 inch minimum width required by Section 403.5.1 of the 2010 ADAAG standards. As a result of this barrier, the accessible route to the restroom may be blocked to individuals with a standard wheelchair and prevent them from using a restroom open to the general public.

(xii) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**O'REILLY AUTO PARTS RESTROOMS**

(xiii) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(xiv) The door hardware providing access to the restrooms requires tight grasping and twisting of the wrist in violation of Section 404.2.7 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xv) The restroom door lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware within 18" of the adjacent wall and objects

being stored near the door, in violation of Section 404.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely exit the restroom due to the fact individuals in wheelchairs have their feet sticking out in front of them and when there is inadequate clearance near the door (less than 18 inches), their protruding feet block their ability to reach the door hardware to open the door.

(xvi) Due to the presence of support bars, the restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front. In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

(xvii) The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xviii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the sink as the pipes underneath the sink typically have sharp surfaces and/or hot

pipes, and since individuals in wheelchairs use a sink while seated, their legs are particularly vulnerable to these threats.

(xix) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar is not 42 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

(xx) The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.1 of the 2010 ADAAG standards as the side bar does not extend 54" from the rear wall. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

(xxi) The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to flush the toilet as the location of the flush control on the open side is significantly easier to reach than when it is positioned on the closed side.

41. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

42. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

43. According to the Waukesha County Property Appraiser website, for both parcels, the building was originally built in 1986, but in 1999 there was significant modifications to the

property causing the "effective year built" of the Property to be 1999. Furthermore, when reviewing Google Street View images taken in 2018, they reveal the presence of two accessible parking spaces in front of the unit where "Triumph" Motorcycles are currently located, but since 2018, they have been removed. As such, due to the significant modifications to the Property in 1999 and again in 2018, the readily achievable standard does not apply to the removal of barriers identified in this Complaint.

44. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

45. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA as the modifications necessary to cure the barriers to access identified in paragraph 40 of this Complaint are listed in 28 C.F.R. § 36.304 as "readily achievable".

46. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

47. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, have the financial resources to make the necessary modifications. According to the Property Appraiser, the collective assessed value of all the parcels comprising the Property is $3,163,500.00.

48. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit

and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

49. Upon information and good faith belief, the Property has been altered since 2010.

50. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

51. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

52. Plaintiff's requested relief serves the public interest.

53. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC.

54. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

55. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, WALTER KOEHNLEIN, JUDITH KOEHNLEIN, and LOST ROADS LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 25, 2026.

Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7284 W Palmetto Park Road, Suite 101 PMB 93
Boca Raton, FL 33433-3406
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com